# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE KOWEEKA TAMIKO WHITE, Appellant. | No. 3:17-cv-01611 (SRU) |

## RULING DISMISSING APPEAL FOR LACK OF JURISDICTION

Koweeka Tamiko White has appealed an order of United States Bankruptcy Judge James J. Tancredi dated August 29, 2017, which dismissed her Chapter 7 bankruptcy petition. Under Federal Rule of Bankruptcy Procedure 8002(a), White was required to file a notice of appeal no later than August 15, 2017, two weeks after the entry of Judge Tancredi's order. She did not file a notice of appeal until September 22, 2017. Timely filing of the notice is a jurisdictional prerequisite. Hence, I lack subject matter jurisdiction, and I dismiss White's appeal *sua sponte*.

## I.   Standard of Review

A federal district court has jurisdiction to hear appeals of "final judgments, orders, and decrees" of the bankruptcy court for the same district pursuant to 28 U.S.C. § 158(a). When reviewing bankruptcy appeals, the district court reviews conclusions of law *de novo* and applies the clearly erroneous standard to findings of fact. *In re Ionosphere Clubs*, 922 F.2d 984, 988 (2d Cir. 1990). The district court may "affirm, modify, or reverse a bankruptcy court's judgment, order, or decree[,] or remand with instructions for further proceedings." *In re Indicon*, 499 B.R. 395, 400 (D. Conn. 2013) (quoting former Federal Rule of Bankruptcy Procedure 8013).

To appeal from a bankruptcy court's order, a party must file "a notice of appeal . . . with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1). "[T]he time limit prescribed by Rule 8002(a) is jurisdictional," and "in the absence of a timely notice of appeal . . . , the district court is without

jurisdiction to consider the appeal." *In re Indu Craft*, 749 F.3d 107, 115 (2d Cir. 2014) (quoting *In re Siemon*, 421 F.3d 167, 169 (2d Cir. 2005) (per curiam)). As the party seeking to invoke the court's jurisdiction, the appellant bears the burden to establish that jurisdiction. *Thompson v. Cnty. of Franklin*, 15 F.3d 245, 249 (2d Cir. 1994) (citing *Warth v. Seldin*, 422 U.S. 490, 518 (1975)). Because "jurisdiction goes to the heart of a federal court's power," I am "obligat[ed] to consider the presence or absence of subject matter jurisdiction *sua sponte*." *In re Tronox, Inc.*, __ F.3d __, __, 2017 WL 1403001, at *20 (2d Cir. 2017) (internal quotation marks omitted).

## II. Background

Koweeka Tamiko White filed a voluntary petition for bankruptcy pursuant to Chapter 7 of the Bankruptcy Code on August 11, 2017. *See* Bankr. Doc. No. 1. On August 17, 2017, the court filed a deficiency notice and notice of dismissal of case for failure to cure deficiency. Bankr. Doc. No. 7. Judge Tancredi dismissed the case without prejudice on August 29, 2017. *See* Bankr. Doc. No. 11. On September 22, 2017, White appealed Judge Tancredi's order of dismissal to this court. *See* Bankr. Doc. No. 13; Doc. No. 1.

## III. Discussion

Federal Rule of Bankruptcy Procedure 8002(a) provides that a party seeking to appeal from a bankruptcy court's order must file "a notice of appeal . . . with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1). The 14-day period includes Saturdays, Sundays, and legal holidays, except that "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Bankr. P. 9006(a)(1). In the present case, the order of dismissal was entered August 29, 2017. White was required to file a

notice of appeal by September 12, 2017, but she did not do so until September 22, 2017. *See* Doc. No. 1. Therefore, I lack jurisdiction to hear her appeal. *In re Indu Craft*, 749 F.3d at 115.

The Second Circuit repeatedly has held that "the time limit contained in Rule 8002(a) is jurisdictional." *In re Coudert Bros. LLP*, 673 F.3d 180, 185 (2d Cir. 2012) (quoting *In re Siemon*, 421 F.3d at 169); *see also, e.g.*, *In re Indu Craft*, 749 F.3d at 115; *In re Harris*, 464 F.3d 263, 269–70 (2d Cir. 2006) ("[W]here the debtor does not file a timely notice of appeal . . . the court has no choice but to dismiss the case."). As the Second Circuit has noted, 28 U.S.C. § 158—the statute that empowers district courts to hear appeals from bankruptcy courts— explicitly provides that appeals "shall be taken . . . in the time provided by Rule 8002." *In re Indu Craft*, 749 F.3d at 114–15 (quoting 28 U.S.C. § 158(c)(2)). "Section 158(c)(2) . . . determin[es] jurisdiction by incorporating the time limits prescribed in Rule 8002(a)," *id.* at 115 (quoting *In re Latture*, 605 F.3d 830, 837 (10th Cir. 2010)), and, in consequence, "[f]ailure to file a timely notice of appeal . . . deprives the district court of jurisdiction to review the bankruptcy court's order." *In re Universal Minerals*, 755 F.2d 309, 312 (2d Cir. 1985).

There are several means to extend the 14-day period for appeal, but none helps White here. First, "[i]f a party timely files in the bankruptcy court any of" four specified motions, then "the time to file an appeal runs . . . from the entry of the order disposing of the last such remaining motion." Fed. R. Bankr. P. 8002(b)(1). Those motions are (i) "to amend or make additional findings under Rule 7052," (ii) "to alter or amend the judgment under Rule 9023," (iii) "or a new trial under Rule 9023," or (iv) "for relief under Rule 9024." *Id.* White did not file any of those motions in the bankruptcy court. Thus, White's belated appeal is not rendered timely by Rule 8002(b)(1).

Second, "the bankruptcy court may extend the time to file a notice of appeal upon a party's motion that is filed (A) within the time prescribed [i.e., 14 days] . . . ; or (B) within 21 days after that time, if the party shows excusable neglect." Fed. R. Bankr. P. 8002(d)(1). White has neither filed such a motion nor made any showing of "excusable neglect."[1] *See id.* Furthermore, White filed a notice of appeal of the dismissal order on September 22, 2017, 10 days after the time prescribed.

Finally, "[Rule] 8002(a) is jurisdictional, even for *pro se* litigants," *Chaturvedi v. O'Connell*, 335 F. App'x 145, 146 (2d Cir. 2009) (summary order) (citing *In re Siemon*, 421 F.3d at 169), and courts in this circuit have held that even a one-day delay in filing the notice of appeal is enough to deprive the court of jurisdiction. *See, e.g.*, *In re Residential Capital*, 519 B.R. 606, 610 (S.D.N.Y. 2014) (*pro se* bankruptcy appeal dismissed for lack of jurisdiction when filed one day late); *Surabian v. Picard*, 2014 WL 917091, at *1 (S.D.N.Y. Mar. 7, 2014) (two days late); *Chaturvedi v. O'Connell*, 2008 WL 2276690, at *2 (S.D.N.Y. June 2, 2008) (one day late), *aff'd*, 335 F. App'x 145. Here, White filed a notice of appeal of the dismissal order on September 22, 2017, ten days after the expiration of the 14-day period in which she could file an appeal. Therefore, I lack jurisdiction to hear his case, and the appeal must be dismissed.

---

[1] "Although "*pro se* status is relevant in determining whether there has been excusable neglect," such status alone is insufficient for a finding of excusable neglect." *In re Soundview Elite Ltd.*, 512 B.R. 155, 159 (S.D.N.Y. 2014).

**IV.	Conclusion**

White's bankruptcy appeal was untimely filed, which deprives the district court of jurisdiction under Rule 8002(a) and 28 U.S.C. § 158(c)(2). As such, I dismiss White's case *sua sponte* for lack of subject matter jurisdiction. The Clerk is directed to terminate the case.

So ordered.

Dated at Bridgeport, Connecticut, this 16th day of November 2017.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge